By the Court.
A majority of the court hold that in the exercise of the jurisdiction to- allow executions to issue against the person, as conferred upon the different *424 courts and the judges thereof, by section 5449, Revised Statutes, each court is limited to judgments rendered in such court, and each judge is limited to judgments rendered in such court of which he is judge. That the probate judge in the case under consideration had no jurisdiction to allow execution to issue upon the judgment rendered in the court of common pleas, and that his assumption of jurisdiction gave no validity whatever to the order by him made.
The “process,” mentioned in section 5456, Revised Statutes, is evidently the execution, and not the order allowing such execution. An execution can only be issued out of the court where the judgment was rendered- Hence, the court out of which the process issues, and the court where the judgment was rendered, is one and the same court. The judgment in this case could not have been rendered in the probate court, for want of jurisdiction of the subject-matter, and therefore it cannot be said that it might have been rendered in that court.
. In view of the limited jurisdiction of the supreme court under the constitution, it is clear that it can have no power to make an order in a case not pending in said court; and the same may be said of the circuit court. And in Railway Co. v. Hurd, 17 Ohio St., 144, this court held, and we think correctly, that a judge of this court can have no wider jurisdiction at chambers than the whole court in regular session.
Section 5449 becomes in part unconstitutional when construed as authorizing the supreme court or the circuit court, or the judges of either, to allow the issuing* of executions upon judgments rendered in the lower courts; while in limiting *425 each court, and the judge thereof, to judgments rendered in such court, the section is not only constitutional but in harmony with our judicial system. It follows that the judgment of the circuit court must be affirmed.

Judgment affirmed.

Spear and Minshall, JJ., dissent.